**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------X
SHANTE HARKLESS-BROWN,

                         Petitioner,

      -against-                    **ORDER**
                                    04 CV 2819 (ADS) (ETB)

UNITED STATES OF AMERICA,

                         Defendants.
----------------------------------------------------X

**<u>APPEARANCES</u>**

**SHANTE HARKLESS-BROWN**
Pro Se Petitioner
# 68098-053
Danbury Federal Prison Camp
Rte. 37
Danbury, CT 06811

**ROSLYNN R. MAUSKOPF, UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK**
147 Pierrepont Plaza
Brooklyn, NY 11201
        By:    Jo Ann Maria Navickas, Assistant U.S. Attorney

**SPATT, District J.**

       Shante Harkless-Brown ("Harkless-Brown" or the "Petitioner") brings this habeas petition pursuant to 28 U.S.C. § 2255, challenging the United States Bureau of Prisons' ("BOP") policy that determines when prisoners can be assigned to community confinement centers. The Petitioner contends that the BOP's policy is contrary to its statutory authority

and is unconstitutional. Harkless-Brown seeks an order from this Court permitting her to serve the last six months of her sentence in a community confinement center.

Section 2241 petitions are generally reserved for challenges to "the execution of a federal prisoner's sentence." Roccisano v. Menifee, 293 F.3d 51, 57 (2d Cir. 2002). Constitutional and statutory claims that attack the execution of a sentence by prison officials, rather than the imposition or terms of sentence, are not cognizable in a section 2255 petition. Those type of claims are properly brought in federal prisoner habeas corpus proceedings under 28 U.S.C. § 2241.

The "execution" referred to includes matters such as the administration of parole, computation of the sentence, transfers between prisons, and conditions of detention. See Jiminian v. Nash, 245 F.3d 144, 146 (2d Cir. 2001); Chambers v. United States, 106 F.3d 472, 474–75 (2d Cir. 1997). Here, the Petitioner attacks the execution of the sentence and not the legality of its imposition or terms. As such, a petition pursuant to section 2241 is the proper vehicle. See Hernandez v. United States, 2005 U.S. Dist. LEXIS 6587, at *2–3 (S.D.N.Y. 2005).

Under section 2241, federal district courts are granted limited jurisdiction to issue writs only "within their respective jurisdictions." 28 U.S.C. § 2241; see also Rumsfeld v. Padilla, 124 S. Ct. 2711, 2724, 159 L. Ed. 2d 513 (2004). At the time this petition was filed, Harkless-Brown was confined to the Federal Correctional Institution in Danbury,

Connecticut. This Court does not have jurisdiction to issue a writ to custodians of prisoners in Connecticut. Thus, the Court lacks jurisdiction over this habeas petition.

However, even assuming that this Court did have jurisdiction, a prerequisite to maintaining a petition for a writ of habeas corpus under section 2241 is that the petitioner is "in custody" or "detained." See 28 U.S.C. §§ 2241(a) & (c), 2242. That is because the only relief that can be granted on such a petition is to "award the writ" and order the defendant be released from custody. 28 U.S.C. § 2243. A review of the BOP's database indicates that the Petitioner was released from custody on December 31, 2004. As such, her request to be placed in a community correctional facility for part of her sentence is moot.

Accordingly, for all the reasons stated above, Harkless-Brown's motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255 is DENIED.

The Clerk of the Court is directed to close this case.

**SO ORDERED.**
Dated: Central Islip, New York
April 25, 2005

/s/ Arthur D. Spatt
ARTHUR D. SPATT
United States District Judge
